**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY JAVIER MIRANDA-FLORIAN, | No. 09-71241 |
| Petitioner, | Agency No. A098-355-221 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010 [**]

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Henry Javier Miranda-Florian, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review questions of law de novo, *see, e.g.*, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the Board's interpretation of the governing statutes and regulations. *See Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

We reject Miranda's claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, young Honduran males who live without a parent and refuse to join gangs. *See Barrios v. Holder*, 581 F.3d 849, 855–56 (9th Cir. 2009) (rejecting, as a particular social group, "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Ramos-Lopez v. Holder*, 563 F.3d 855, 860–62 (9th Cir. 2009) (rejecting, as a particular social group, "young Honduran men who have been recruited by [a gang], but who refuse to join"). As the Board determined, Miranda's attempt to distinguish *Barrios* and *Ramos-Lopez* still yields "a potentially large and diffuse segment of society" that lacks particularity and social visibility. *Ramos-Lopez*, 563 F.3d at 861.

We also reject Miranda's contention that he is eligible for relief based upon a political opinion, actual or imputed. *See Santos-Lemus v. Mukasey*, 542 F.3d

738, 747 (9th Cir. 2008) ("[G]eneral aversion to gangs does not constitute a political opinion for asylum purposes.").

Accordingly, because Miranda failed to demonstrate that he was persecuted or fears persecution on account of a protected ground, we deny the petition as to his asylum and withholding-of-removal claims. *See Barrios*, 581 F.3d at 855–56; *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution.").

Finally, we reject Miranda's due-process claim because he suffered no prejudice from the incomplete transcript of his hearing. *See, e.g.*, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**